# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09-CV-313-FDW-DCK

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **AMENDED ORDER** |
| SOUTHERN COPTERS, LLC, JUSTIN TRAVIS, KATHY JO BARTLETT, as, personal representative of the Estate of MARK BARTLETT, deceased and KATHY JO BARTLETT, individually, | ) ) ) ) ) ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Intervene as Defendant and Third Party Plaintiff Under Rule 24" (Document No. 14) filed by Charlotte Helicopters Flight Academy, Inc. ("Charlotte Helicopters"). Plaintiff opposes the motion. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for review. Having carefully considered the record, including the parties' briefs (Document Nos. 14, 27), the undersigned will **grant** the motion for the following reasons:

## I. Background

This declaratory judgment action concerns a dispute over insurance coverage under an aircraft insurance policy issued by Plaintiff U.S. Specialty Insurance Company ("U.S. Specialty") to Defendant Southern Copters, LLC ("Southern Copters"), for the term October 24, 2008 to October 24, 2009. (Document No. 1, Ex. A, Policy). In advance of a one day test flight to demonstrate the capabilities of helicopter "N4191A," Southern Copters added an endorsement on January 21, 2009

adding this leased helicopter to its policy effective January 22, 2009. (*Id*. Ex. B).[1] However, the demonstration flight for SCANA Corporation, which was considering awarding a contract to Southern Copters for aerial patrol of power lines and pipelines, was cancelled. (*Id*. ¶ 11).

On January 22, 2009, the helicopter crashed near Monroe, North Carolina. Mark Bartlett died from injuries sustained in the accident. Justin Travis, the owner of Charlotte Helicopters, survived the crash. Both men held commercial pilot certificates. Kathy Jo Bartlett, individually and as representative of the estate of Mark Bartlett, filed suit against Travis in state court, alleging negligence and other claims. Travis sought for U.S. Specialty to defend and indemnify him in the state action. As owner of Charlotte Helicopters (the registered owner of the helicopter), Travis also sought recovery of the hull value of the helicopter from U.S. Specialty.

Plaintiff denied coverage on several grounds, including 1) Bartlett and Travis allegedly did not meet certain pilot requirements under the policy, 2) the policy required a written lease between Charlotte Helicopters and Southern Copters, and 3) the increased limits of coverage only applied while the aircraft was "being used for/by the pipe/powerline company" and not while Lessor (listed as Justin Travis) "provides pilot or flight services." (*Id*. ¶¶ 23-28, 34-35). U.S. Specialty seeks a declaration that the insurance policy does not provide coverage for claims arising out of the crash, including claims for personal injuries and the hull value of the helicopter.

## II. Discussion

### A. Intervention of Right

Charlotte Helicopters seeks to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, which provides:

---

[1] The additional premium paid for the endorsement was $14,970.55. (*Id*., Ex. B).

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> .....
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a)(2); *and see, In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997); *Newport News Shipbuilding and Drydock Co. v. Penn. Shipbuilder's Association*, 646 F. 2d 117, 120 (4th Cir. 1981) (reversing denial of intervention); *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). The present motion is timely, as this action is still in the pleading stages. See, e.g., *Houston General Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999) (finding motion untimely where judgment had already been rendered).

As owner of the insured helicopter, Charlotte Helicopters has a direct and substantial interest "relating to the property or transaction that is the subject of the action." In the event there is no insurance coverage, Charlotte Helicopters asserts that it would have claims against Southern Copters for failing to obtain insurance. Charlotte Helicopters argues that if does not intervene, it might later be barred from litigating future claims against Southern Copters for breach of contract. *See Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) ("res judicata ... bars the litigation of matters that have previously been raised and decided by a final judgment on the merits, as well as matters that were not litigated but should have been raised in the earlier suit"). Absent intervention, Charlotte Helicopter argues that disposition of this case may impair or impede its ability to protect its interests. *See Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (reversing denial of intervention, finding

a "significantly protectable interest"). Charlotte Helicopters also asserts that it has an interest in the Third Party Complaint, as it was a third party beneficiary to the contract requiring insurance.

With respect to whether Charlotte Helicopters' interests are adequately represented by an existing party, Plaintiff contends that the interests of Charlotte Helicopters are identical to the interests of Justin Travis. (Document No. 27, p. 3). An intervenor's burden of showing inadequate existing representation is "minimal." *Westinghouse,* 542 F.2d at 216 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) (finding "sufficient doubt about the adequacy of representation to warrant intervention")); *Newport News,* 646 F. 2d at 122. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Id.*; *In re Hill*, 2008 WL 2331028, *2 (W.D.N.C.).

As Travis owns Charlotte Helicopter, this last factor presents a close issue, particularly since the proposed pleadings appear very similar to Travis' pleadings. However, Charlotte Helicopters points out that its interest is primarily in proving that the Aircraft Policy and Endorsements provide hull coverage, which is distinct from the existing Defendants' personal interest in proving that the Aircraft Policy and Endorsements provide personal injury coverage. (Document No. 14-2, ¶ 28). Under the circumstances of this case, and given the intervenor's "minimal" burden on this factor, Charlotte Helicopter appears to meet the requirements for intervention as of right. Moreover, the Fourth Circuit Court of Appeals has observed that "intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (reversing order denying intervention).

### B. Permissive Intervention

Alternatively, Charlotte Helicopters asks for permissive intervention under Rule 24(b)(1)(B), which provides that "the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B); *and see, United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). As this declaratory action and Charlotte Helicopters' proposed pleadings share a common nucleus of operative facts concerning insurance coverage for the helicopter, permissive intervention would be appropriate. In exercising its discretion regarding permissive intervention, the court must also consider any delay and prejudice to the original parties. *Id.* This case is still in the pleading stage, and intervention would not unduly delay this case or prejudice the original parties.[2] *See Wright v. Krispy Kreme Doughnuts, Inc.*, 231 F.R.D. 475, 478 (M.D.N.C. 2005) (finding no prejudice to other parties and granting permissive intervention).

**IT IS, THEREFORE, ORDERED** that the "Motion to Intervene" (Document No. 14) is **GRANTED**; this Amended Order shall supercede the Order of November 25, 2009 (Document No. 32).

Signed: December 4, 2009

David C. Keesler
United States Magistrate Judge

---

[2] The most recent answer in this case was filed on October 30, 2009, *after* the motion to intervene was filed.